KOGAN, Justice.
The state appeals a circuit court order validating industrial development revenue bonds that Palm Beach County proposes to issue. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
On March 16, 1989, Palm Beach County (the county) filed a complaint in circuit court seeking to validate the issuance of $3,214,000 in industrial revenue bonds to be used by Pine Crest Preparatory School, Inc. (Pine Crest), a not-for-profit corporation. Of this amount, $2,050,000 is projected for use to refinance a capital improvement loan; $500,000 is set aside for refinancing a working capital loan; $600,000 is earmarked for construction of a gymnasium and related capital improvements; and $64,000 covers the costs of issuing the bond.
The state filed an answer to the complaint. Following a hearing, the trial court entered a final judgment validating the bonds. The state then filed this appeal.
The state argues that Pine Crest is unlawfully organized under section 617.01(1), Florida Statutes (1989) because chapter 623, Florida Statutes (1989), exists for the incorporation of not-for-profit private school entities. Therefore, the state contends that Pine Crest, which it believes should have incorporated under chapter 623, is nonetheless a chapter 623 corporation. Additionally, the state asserts that because Pine Crest is in fact a chapter 623 corporation, the county commissioners, “while acting in any public official capacity are hereby specifically prohibited from engaging in any manner in such administration, supervision, operation, financing, and control of the affairs of such corporation.” § 623.13, Fla.Stat. (1989). Thus, according to the state, the county has no authority to issue industrial revenue bonds for the benefit of Pine Crest. Lastly, the state contends that even assuming, arguendo, that Pine Crest is a chapter 617 corporation, the county nevertheless does not have the authority to issue revenue bonds for the purpose of funding the acquisition of a private educational facility. The state’s conclusion is based on its view that the project does not constitute a valid public purpose as required by law.
It is uncontroverted that Pine Crest is a private, not-for-profit corporation whose sole purpose is to provide elementary and secondary school education by operating as a private school supported by private individuals rather than by a public agency. Originally, Pine Crest was incorporated as a for-profit corporation' in January 1959, several months prior to the enactment of chapter 623, Florida Statutes (1959). The reason for this was because at the time of Pine Crest’s formation, its debt exceeded the limitations for not-for-profit status then imposed by section 617.01(9), Florida Statutes (1957). However, since 1962 Pine Crest has operated as a not-for-profit corporation for federal tax purposes and has engaged solely in nonprofit purposes.
When Pine Crest decided to convert to a not-for-profit corporation under state law, it elected to utilize chapter 617, Florida Statutes, the Florida Not For Profit Corporation Act, rather than chapter 623, Florida Statutes, the Private School Corporation Law of 1959. Pine Crest argues that the reason for incorporation under chapter 617 is because that statute provides a method by which a for-profit corporation can convert to a nonprofit corporation, sections 617.16-19, Florida Statutes (1989), whereas chapter 623 does not.
We agree that chapter 623 does not provide a specific section authorizing conversion to a private school corporation. However, section 623.14, Florida Statutes (1989) states:
Construction. — The provisions of this act shall be deemed to be accumulative and supplemental to any other powers and authority for the creation of corporations not for profit as set out in chapter 617.
*654 In light of this provision, we find that sections 617.16-19 apply to chapter 623. Thus, the same method authorizing conversion in chapter 617 is applicable to chapter 623.
Furthermore, section 617.01(1), Florida Statutes (1989) states that “corporations not for profit which may be incorporated under any other law of this state governing particular types of corporations may not be incorporated hereunder.” We are persuaded by the state’s argument that the legislature intended to require certain special purpose entities to incorporate under statutes specifically designed and enacted to govern the operations of such entities. Therefore, we find that Pine Crest is not a chapter 617 corporation. Because both chapter 617 and chapter 623 authorize conversion to not-for-profit status by the same method, see section 623.14, Pine Crest is a lawfully organized corporation. Its designation, however, as a chapter 617 corporation is incorrect. In our view, Pine Crest is a chapter 623 corporation to which the subsections thereunder apply.
As such, we believe the county is prohibited from engaging in any manner, including the lending of proceeds from the sale of industrial revenue bonds, in the financing of a private school corporation. § 623.13, Fla.Stat. (1989).
Our resolution of Pine Crest’s corporate status makes it unnecessary for us to address the other issues raised by the parties to this appeal. Accordingly, we reverse the final judgment of the trial court validating the issuance of industrial revenue bonds by Palm Beach County.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, BARKETT and GRIMES, JJ., concur.